CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAR 05 2024

LAURA A. AUSTIN, CLERK
BY: s/ H. MCDONALD
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 4:18-cr-00011 |
| v. | ) | |
| | ) | |
| PHILLIP DAEKWON MILES, | ) | By:   Michael F. Urbanski |
| Defendant-Petitioner | ) | Chief United States District Judge |

## MEMORANDUM OPINION

This matter comes before the court on a pro se motion for compassionate release filed by Phillip Daekwon Miles pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 1487. The Federal Public Defender was offered an opportunity to file a supplemental motion but declined to do so. ECF Nos. 1489, 1513. The government filed a response to the motion on February 27, 2023. ECF No. 1517. As discussed more fully below, the court **DENIES** Miles' motion for compassionate release.

**I. Background**

On November 6, 2018, Miles, along with eleven codefendants, was named in a 40-count superseding indictment charging offenses related to racketeering. According to the statement of facts (SOF) signed by Miles, he was a member of a criminal organization known as the Rollin 60s Crips ("Rollin 60s"), which is a street gang. Since at least 2015, the Rollin 60s were active in the Western District of Virginia and engaged in criminal activity, including murder and attempted murder, assault resulting in bodily injury, assault with a dangerous weapon, robbery, obstruction of justice, drug distribution and trafficking, and conspiracy to commit those crimes. SOF, ECF No. 983 at 1.

1

Miles was charged in 19 counts of the indictment. Superseding Indictment, ECF No. 207 at 1–18. On October 22, 2019, Miles entered into an agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), in which he agreed to plead guilty to Counts 1 and 11 of the superseding indictment. Count 1 charged him with racketeering conspiracy, with special sentencing factors, in violation of 18 U.S.C. §§ 1962(d) and 1963. Plea Agreement, ECF No. 981 at 1–2. Count 11 charged that Miles did knowingly use, carry, brandish, and discharge a firearm during and in relation to a crime of violence for which he could be prosecuted in a court of the United States, that is, a violation of Title 18, United States Code, Section 1959(a)(1) as set forth in Count 10 of the indictment, and in the course of violating 18 U.S.C. § 924(c), caused the death of a person through the use of a firearm, which killing is defined as murder in 18 U.S.C. § 1111(a), all in violation of 18 U.S.C. § 924(j). Count 10 of the indictment charged Miles with violent crime in aid of racketeering, to-wit: murder of Christopher Lamont Motley in violation of Virginia Code §§ 18.2-32 and 18.2-18, all in violation of 18 U.S.C. §§ 2 and 1959(a)(1).[1] Plea Agreement, ECF No. 981 at 2; Superseding Indictment, ECF No. 207 at 13–14.

The government agreed to dismiss any remaining counts at sentencing. Plea Agreement, ECF No. 981 at 3. Both counts carried maximum penalties of life imprisonment. Id. at 1–2. The parties agreed to a sentencing range of 156 to 180 months. Id. at 4. On September 9, 2020, Miles was sentenced to 60 months on Count 1 and 120 months on Count 11, with the sentences to run consecutively for a total of 180 months. His term of incarceration is to be followed by a 5-year term of supervised release. J., ECF No. 1331. Miles did not file a direct appeal but did file a § 2255 motion for habeas corpus relief, which the court denied on August

---

[1] Offenses under 18 U.S.C. § 1959, "violent crimes in aid of racketeering," are commonly referred to as VICAR crimes.

3, 2023. ECF Nos. 1542, 1543. Miles currently is incarcerated at United States Penitentiary Atlanta and has a projected release date of May 10, 2030.[2]

## II. Compassionate Release

Miles seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that he is entitled to compassionate release because his conviction on 18 U.S.C. § 924(j) was invalid under the holding in United States v. Simmons, 999 F.3d 199 (4th Cir. 2021), which was decided after he was convicted.

The compassionate release statute as amended by the First Step Act of 2018 authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Accordingly, the court must consider (1) if Miles exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his

---

[2] https://www.bop.gov/inmateloc/ (search "Phillip Daekwon Miles") (last viewed on Feb. 29, 2024).

3

sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

The court begins by considering the threshold requirement for obtaining relief under § 3582(c)(1)(A). United States v. Muhammad, 16 F. 4th 126, 129–30 (4th Cir. 2021). This requirement, which is non-jurisdictional, is "satisfied if a defendant requests the Bureau of Prisons to bring a motion [for compassionate release] on their behalf and either fully exhausts all administrative rights to appeal the Bureau's decision or waits 30 days from the date of their initial request to file a motion in the district court." Id. at 131. In this case, neither party addressed exhaustion. However, because exhaustion of administrative remedies is non-jurisdictional, and because Miles clearly is not entitled to compassionate release, the court will not dismiss his motion for failure to exhaust but will address his motion on the merits.

The United States Sentencing Commission recently amended the section of the guidelines that addresses motions for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) when a defendant alleges that "extraordinary and compelling" reasons warrant a reduction. See U.S. SENT'G COMM'N, GUIDELINES MANUAL §3E1.1 (NOV. 2023) ("USSG" or "guidelines"). The revised guidelines will be applied to Miles' arguments.

Miles argues that after Simmons, his conviction on 18 U.S.C. § 924(j) could not be used as a predicate offense for his conviction under the force clause of 18 § 924(c). The revised guidelines provide that a defendant is eligible for a sentence reduction if he can show the following:

> (6) Unusually Long Sentence.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but

4

> only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.
>
> (c) Limitation on Changes in Law.--Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

USSG §§ 1B1.13 (b)(6) and (c).

In Miles' case, he has not served at least 10 years of his sentence, so he is not entitled to relief on that basis. Moreover, even if he had served 10 years of the sentence, he cannot point to a change in the law that would produce a gross disparity in the sentence he received in 2020 and the sentence he would receive today for the same offense.

Section 924(c) authorizes higher penalties for defendants convicted of using or carrying a firearm "during and in relation to," or possessing a firearm "in furtherance of," any federal "crime of violence or drug trafficking crime." United States v. Davis, 139 S.Ct. 2319, 2324 (2019) (citing § 924(c)(1)(A)). The statute defines the term "crime of violence" in two subparts as follows:

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

5

18 U.S.C. § 924(c). Section 924(c)(3)(A) is known as the "force clause" or "elements clause," and § 924(c)(3)(B) is known as the "residual clause." Davis, 139 S.Ct. at 2324; United States v. Roof, 10 F.4th 314, 398 (4th Cir. 2021). Following the Supreme Court precedent set in Johnson v. United States, 576 U.S. 591 (2015), and Sessions v. Dimaya, 138 S.Ct. 1204 (2018), the Court held in Davis that the "residual clause" of § 924(c)(3)(B) was unconstitutionally vague. See discussion, Davis, 139 S.Ct. 2325–36.

With the residual clause declared unconstitutional, the issue in Miles' case is whether, after Simmons, his predicate offense is a "crime of violence" under the force clause. In Simmons, the Fourth Circuit applied the categorical approach to the RICO conspiracy statute, 18 U.S.C. § 1962(d), and determined that convictions for RICO conspiracy and aggravated RICO conspiracy are not crimes of violence for purposes of 18 U.S.C. § 924(c) because they can be committed without the use, attempted use, or threatened use of physical force. See discussion, Simmons, 11 F.4th at 253–61.

However, neither Davis nor Simmons supports the conclusion that Miles' Count 11 conviction was invalid or unconstitutional, because his § 924(j) conviction was not predicated on his Count 1 RICO conspiracy conviction. Rather, it was predicated on Count 10 of the Indictment, "Violent Crime in Aid of Racketeering, to-wit: Murder of Christopher Lamont Motley." Superseding Indictment, ECF No. 207 at 13–14. The relevant language from Count 10 is the following:

> On or about August 20, 2016, in the Western District of Virginia, for the purpose of maintaining and increasing position in the Rollin 60s, an enterprise engaged in racketeering activity, ... PHILLIP DAEKWON MILES ... did murder Christopher Lamont Motley, in violation of Virginia Code Sections 18.2-32, 18.2-18.

6

> All in violation of Title 18, United States Code, Sections 2 and 1959(a)(1).

Id. The Fourth Circuit has held that VICAR murder is a crime of violence for purposes of § 924(c).[3] United States v. Mathis, 932 F.3d 242, 265 (4th Cir. 2019). See also United States v. Bran, No. 3:12CR131, 2021 WL 4099011, at *4 (E.D. Va. Sept. 8, 2021) (finding that conviction for VICAR murder served as valid predicate offense for conviction under 18 U.S.C. §§ 924(c)(1)(A) and (j)); United States v. Davis, No. 4:18-cr-11, 2019 WL 3307235, at *3–7 (W.D. Va. July 23, 2019) (rejecting argument that murder, whether defined generically or as set forth in Va. Code § 18.2-32, is not a crime of violence for purposes of § 923(c)(3)(A)); and Gordillo Portocarrero v. United States, No. 1:16-cv-00763 (LMB), No. 1:10-cr-00066-1 (LMB), 2019 WL 181119, at *7–8 (E.D. Va. Jan. 11, 2019) (finding that attempted murder is a crime of violence under the force clause set forth in § 924(c)(3)(A)). Accordingly, Miles cannot rely on the fact that RICO conspiracy is not a crime of violence for purposes of his § 924(c) conviction because the predicate offense in his case was not RICO conspiracy but VICAR murder.

Because Miles cannot show that a change in law would result in his receiving a shorter sentence today than he received in 2020, he cannot demonstrate an extraordinary and compelling reason warranting compassionate release. Therefore, his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) is **DENIED**.[4]

---

[3] It is not relevant that Miles was convicted under § 924(j) rather than § 924(c) because § 924(c) contains the controlling definition for § 924(j). Roof, 10 F.4th at 398. Also, because the definition of "crime of violence" in § 924(c) is almost identical to the definition of "violent felony" in the Armed Career Criminal Act (ACCA), decisions interpreting one such definition are persuasive as to the meaning of others. Id., n.61.

[4] Because the court finds that Miles has not shown an "extraordinary and compelling" reason for granting his motion for a sentence reduction, the court will not address the 18 U.S.C. § 3553(a) factors. See United States v. Malone, 57 F.4th 167, 174 (4th Cir. 2023) ("[I]f the district court has determined that the defendant's § 3582(c)(1)(A) motion has demonstrated extraordinary and compelling reasons for release, it must then turn to

### III. Conclusion

For the reasons stated, the court cannot conclude that Miles has shown an "extraordinary and compelling" reason for finding him eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Therefore, the court **DENIES** Miles' motion for compassionate release, ECF No. 1487. The Clerk is **DIRECTED** to send a copy of this opinion and the accompanying order to Miles.

An appropriate order will be entered.

It is so **ORDERED**.

Entered: March 4, 2024

Michael F. Urbanski
Chief United States District Judge

---

the relevant sentencing factors set forth in § 3553(a) 'to the extent ... they are applicable.'"); United States v. Bethea, 54 F.4th 826, 833 (4th Cir. 2022) (describing the "extraordinary and compelling" reasons for relief as a threshold for eligibility).